IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| GUY JENKINS | ) | |
| --- | --- | --- |
| | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | JURY DEMANDED |
| | ) | |
| v. | ) | |
| | ) | |
| RESOLVE MECHANICAL LLC | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Guy Jenkins ("Plaintiff" or "Jenkins") alleges the following claims against Defendant Resolve Mechanical, LLC ("Defendant" or "Resolve"):

### NATURE OF THE CASE

1. This is a civil action seeking damages for racial discrimination, harassment, and retaliation pursuant to 42 U.S.C. § 1981.

2. Mr. Jenkins endured racial harassment during his employment with Resolve, and when he raised the issue in a text message to his supervisor he was summarily terminated without explanation.

### PARTIES

3. Plaintiff Guy Jenkins is a resident of Davidson County, Tennessee who resides at 683 Khrone Way, Antioch, TN 37013.

4. Defendant Resolve is a limited liability company organized under the laws of the state of Tennessee with its principal place of business at 2131 Utopia Avenue, Nashville TN 37211.

## JURISDICTION, AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C § 1331 and 28 U.S.C § 1343(a)(4).

6. Venue is proper in this Court pursuant to 28 U.S.C § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

7. This Court has personal jurisdiction over Defendant because its principal place of business is in this District, and it employed Plaintiff in this District.

## FACTS

8. Resolve describes itself on its website and "Middle Tennessee's first Choice for Commercial Plumbing and HVAC Installation," and according to its website it "provides innovative plumbing and HVAC services to the Middle Tennessee construction market."

9. Resolve further claims that its team is "respectful" and that "[o]ur people are polite and well-mannered toward our customers and fellow staff, and we go out of our way to make sure others are being treated well." However, the events described in this Complaint would suggest otherwise.

10. Mr. Jenkins became employed by Resolve in Nashville on or about February 24, 2025 as a Plumber Apprentice.

11. Mr. Jenkins's race is Black/African-American.

12. During his employment, Mr. Jenkins was assigned to work under the direction of Jimmy [last name unknown], a Lead Plumber of Resolve.

13. Jimmy is Caucasian.

14. Jimmy repeatedly directed racial epithets to Mr. Jenkins over a months-long period of time in late 2025 and early-2026.

15. Jimmy said, in front of coworkers, that Mr. Jenkins was the type to "ni**er-rig" [actual word was used] a bathroom fixture.

16. Jimmy also referred to Mr. Jenkins as a "monkey boy" to other coworkers.

17. Jimmy also made comments about "the good ole days" in reference to bygone eras where racism was acceptable.

18. Jimmy made it known to Mr. Jenkins that he carried a gun.

19. On or about February 4, 2026 at 8:42 a.m., Mr. Jenkins sent a text message to Jarred Anderson, Resolve's Project Manger and Jimmy's supervisor, that said: "Hey boss I'm gonna be honest I'm getting annoyed having to work with obvious racist making comments and subliminal shade I can see right through and it's been goin on for a while with jimmy but I've been trying my best to work through it without making it an issue it's clear he has something against me I never did anything wrong to him I never disrespect him so I'm not understanding why he treats me like this either way I have zero tolerance for racism of any kind so I'm bringing it to you so you can deal with it rather than me."

20. Mr. Anderson did not respond to the text message, so at the end of the workday on February 4, 2026, Mr. Jenkins called Mr. Anderson and described Jimmy's racist behavior. Mr. Anderson responded that he would "talk with Jimmy."

21. Mr. Jenkins did not hear anything further about his complaints of racism or of any action by Resolve to investigate Jimmy's racist comments.

22. On February 19, 2026, Mr. Anderson showed up at the jobsite where Mr. Jenkins was working, and Mr. Anderson announced in front of all of Mr. Jenkins's coworkers that "Guy, it's gonna be your last day."

23. Mr. Jenkins responded to Mr. Anderson by asking what he had done wrong.

24. Mr. Anderson responded to Mr. Jenkins, "I am not going to get into that – just know it's your last day."

25. Mr. Anderson terminated Mr. Jenkins's employment just two weeks after he raised allegations of racial harassment, and without any performance reason whatsoever.

26. Prior to his termination, Mr. Jenkins had not received any disciplinary action, performance coaching, or performance improvement plan.

27. As a result of his illegal termination, Mr. Jenkins was left unemployed as a single father of a 12-year-old daughter.

## COUNT I: RACIAL HARASSMENT
## 42 U.S.C. § 1981

28. Plaintiff realleges and incorporates by reference Paragraphs 1 through 27 as if fully stated herein.

29. Mr. Jenkins is a member of a protected class because his race is Black/African-American.

30. Mr. Jenkins was subjected to unwelcome and offensive harassment by Resolve's Lead Plumber, as described above.

31. The harassment of Mr. Jenkins was expressly based on race, using the racial epithets set forth above.

32. The harassment of Mr. Jenkins was sufficiently severe or pervasive as to alter the terms and conditions of his employment with Resolve and created an abusive working environment.

33. Resolve is strictly and vicariously liable for the actions of Jimmy who functioned as Mr. Jenkins's supervisor, or alternatively, Resolve knew or should have known of the harassment and failed to take prompt corrective action.

34. As a result of Defendant's racial harassment in violation of 42 U.S.C. § 1981, Plaintiff is entitled to compensatory damages in an amount to be proven at trial, back pay, front pay, pre-judgment interest, reasonable attorneys' fees and costs, and equitable relief.

35. Defendant's actual knowledge and failure to take action regarding the racial harassment of its Lead Plumber were malicious and recklessly indifferent to Plaintiff's rights, and therefore Plaintiff is entitled to punitive damages.

## COUNT II: RETALIATION

36. Plaintiff realleges and incorporates by reference Paragraphs 1 through 34 as if fully stated herein.

37. Plaintiff engaged in protected activity by opposing Jimmy's racial harassment.

38. Defendant was aware of Plaintiff's protected activity because Plaintiff raised his opposition to the racial harassment in text messages and verbally.

39. Defendant took materially adverse employment action against Plaintiff by terminating his employment.

40. Defendant had no legitimate reason to terminate Plaintiff's employment, and it would not have terminated his employment but for his protected complaints of racial harassment.

41. As a result of Defendant's retaliation in violation of 42 U.S.C. § 1981, Plaintiff is entitled to compensatory damages in an amount to be proven at trial, back pay, front pay, pre-judgment interest, reasonable attorneys' fees and costs, and equitable relief.

42. Defendant's overtly retaliatory action of terminating Plaintiff's employment, without explanation, shortly after he raised allegations of racial harassment by Defendant's Lead Plumber, were malicious and recklessly indifferent to Plaintiff's rights, and therefore Plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiff prays for the following relief:

1. A jury of six to try his claims.
2. Entry of judgment in favor of Plaintiff, and against Defendant, for compensatory damages in an amount to be proven at trial.
3. Entry of judgment in favor of Plaintiff, and against Defendant, for punitive damages.
4. Entry of judgment in favor of Plaintiff for back pay, front pay, and other equitable relief.
5. An award of Plaintiff's costs, reasonable attorneys' fees, and pre- and post-judgment interest.
6. Any other legal or equitable relief to which Plaintiff may be entitled.

This 6th day of March 2026.

Respectfully submitted,

/s/ Ben H. Bodzy
Ben H. Bodzy (TN BPR No. 23517)
BODZY LAW PLLC
10 Burton Hills Boulevard, Suite 400
Nashville, TN 37215
(888) 215-6060 (phone)
bbodzy@bodzylaw.com

*Counsel for Plaintiff*

7